## MILO R. PETERS

### v.

## DAVID BOURNEAU.

*Slander—Pleas—Felonious Intent—Questions for Jury—Instructions— Evidence—General Reputation.*

1. Where the evidence is conflicting this court will not interfere with the verdict of the jury.

2. In an action for slander against the defendant for calling the plaintiff a thief, it is *held:* That certain instructions submitted by the defendant and tending to limit the functions of the jury, were properly refused; that the jury was fully and fairly instructed by the court; that it was for the jury to say whether the plea of jurisdiction was filed in good faith; that mental anguish may be presumed to result from a false charge of larceny; that the former strict and technical rules respecting evidence of general character have been greatly relaxed; that a man's " neighborhood " is not necessarily confined to the particular locality in which he resides; that statements of certain witnesses that they had never heard anything said against the character of the plaintiff for honesty or integrity were properly admitted, it not being essential that a knowledge of general reputation should rest on statements made by a man's neighbors; and that, if the questions and answers respecting plaintiff's reputation to which objection is made had been excluded, it could not have affected the result.

[Opinion filed January 8, 1887.]

APPEAL from the Circuit Court of Kankakee County; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. JAMES N. ORR, for appellant.

Messrs. STEPHEN R. MOORE and WILLIAM POTTER, for appellee.

BAKER, P. J.   This was an action on the case for verbal slander prosecuted by appellee against appellant for calling him a thief.   The pleas were not guilty and a special plea of justification alleging the truth of the matter charged.   The verdict and judgment were for appellee for $60 damages.

A *prima facie* case of slander was clearly made out by the evidence introduced by the plaintiff below. The truth of the special plea depended upon the point whether the pocket-book containing $170 in money and a certificate of deposit for $140, was taken with a felonious intent to steal, or other-wise. The evidence on this disputed point was quite conflict-ing, and that of appellee was supplemented by uncontradicted proof of prior good character for honesty and integrity. In respect to the merits of the controversy upon the evidence, the case plainly falls within the category of cases wherein the verdict of a jury will not be disturbed.

The second, third and fourth instructions submitted to the court by appellant were very properly refused. The tendency of the second was to mislead the jury by calling their atten-tion from the true to a false issue. It may be the duty of the finder of lost property to seek out the owner and restore it to him with due diligence; and yet appellee may have been re-miss in the performance of such duty without its affording any just cause for charging him with an intent to steal. The jury would probably have understood the instruction as meaning that a want of due promptness on the part of the finder was tantamount to proof of a felonious intention, whereas they should have been left to determine the inten-tion from a consideration of all the facts and circumstances in proof.

The third instruction was also objectionable. If a witness or witnesses testifying on one side of a case are in direct con-flict with a witness or witnesses upon the other side, then it should be left to the jury to judge of the credibility of the respective witnesses and arrive at a conclusion in regard to the truth of the matter in issue; and the jury should not be told in such case that they may disregard the testimony of one witness or set of witnesses on the ground he or they have been impeached by direct contradiction. In fact such a rule car-ried to its logical results, would exclude as successfully impeached the testimony on both sides of the issue tried.

The third instruction stated the facts and circumstances testified to by the witnesses for appellant, and then informed the jury that from these circumstances they had a right to in-

Peters v. Bourneau.

for that appellee took the pocket book with a felonious intent.
It was vicious, and on several grounds, not the least of which
is that the court in giving it would have usurped the functions
of the jury.    The 8th instruction, as it was asked, was wrong,
and for the same reasons; and even as it was modified and
given by the court, it was more favorable to appellant than
the law warranted.

The criticisms made upon the 5th, 6th and 8th instructions
for appellee are not well founded.    It was for the jury to say,
in the light of the evidence, whether or not the plea of justi-
fication was filed in good faith.    That they did not regard it
as so filed, is manifest from the small damages that they
assessed.    Without any statement being made by appellee
while on the witness stand in respect to his anguish of mind,
the jury would have a right to conclude that the mere fact
he was falsely charged with larceny did cause him mental suf-
fering.    Every honest man has some standing in society; and
though but an indigent farmer or laborer he is entitled to
have the benefit of a consideration of his standing and repu-
tation in the community in the assessment of damages.    These
are all the comments deemed necessary in order to dispose of
the objections urged to these three instructions.    The jury
was fully and fairly instructed by the court; in fact, much
more fully than the nature of the case required; and appel-
lant had the advantage of all the law there was in his favor
in the sixteen instructions given by the court at his instance.

We are unable to see that the court committed any manifest
error in the admission of evidence.    There was a want of
formal and technical accuracy in some of the questions pro-
pounded by appellee to a few of his witnesses on the question
of general character.    But only general objections were made
to these questions and if the objections had been specific, the
inaccuracies might readily have been obviated.    The strict
and technical rules that formerly prevailed, and are laid down
in many of the books, respecting evidence of general character,
have been greatly relaxed of late years. . Some of their require-
ments do not seem to be founded on sound legal principle, and
others are too narrow and restricted for this land and age.    A
man's "neighborhood" is not necessarily confined to the

particular locality in which he resides, but is co-extensive with the extent of territory occupied by those with whom he associates and frequently comes in contact; one man's "neighborhood" may be a small hamlet, while the "neighborhood" of another, may be a county or State. It was not error to refuse to exclude from the jury the statements of one or more of the witnesses that they had never heard anything said respecting or against the character of appellee for honesty or integrity. It is a condition precedent to the examination of a witness on the subject of general character, that he should state he is acquainted with such character; but it seems to us to be unsound to say that knowledge of general reputation can be obtained solely and only from the statements he has heard the neighbors make. Reputation is the estimation in which one is held, and this may be indicated by the way in which the person, whose character is under consideration, is received and regarded in society; and may be made manifest by acts and treatment, as well as by words. Strong circumstances to show that the general character and reputation of a woman for virtue is good, are the facts that she is received into social intercourse, as such, and that the matter of her virtue has never been made a subject of discussion. And the best evidence there well can be of the character of a man for honesty, is the circumstance that his honesty has never been called in question. We all absolutely know as *fact* the regard in which numerous persons are held and estimated in community with respect to certain qualities, and this without ever having heard anything said connecting them with such qualities. Besides the considerations mentioned, we may remark that in the case at bar there was no conflict in the testimony on the subject of the general reputation of appellee. Consequently, if all the questions and answers objected to had been excluded, it would have made no possible difference with the finding of the jury, as it was but cumulative evidence tending to prove a proposition that was fully established by other and unquestioned testimony, and that was not a matter of dispute.

We find no error in the record that should reverse the judgment, and it is affirmed.          *Affirmed.*